

FILED

JUL 1 3 2015

CLERK, US DISTRICT COURT
NEWPORT NEWS, VA

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

**LISA HOFSTRA,**

        **Plaintiff,**

v.                            **CIVIL ACTION NO.:** 4:15cv73

**DRUCKER & FALK, LLC,**

        **Defendant.**

---

## COMPLAINT

---

COMES NOW, the Plaintiff, Lisa Hofstra, (hereinafter "Plaintiff"), and files this Complaint under the Fair Labor Standards Act, 209 U.S.C. §§201, *et seq.* (hereinafter "FLSA") against the Defendant Drucker & Falk, LLC, (hereinafter "Drucker & Falk") and states and alleges as follows:

### I. Introduction

1.    Plaintiff at all times was a non-exempt, hourly employee of Defendant. Defendant required Plaintiff to work numerous overtime hours without payment.

### II. Jurisdiction and Venue

2.    Jurisdiction to bring this class action on behalf of Plaintiff is vested in this Court by 28 U.S.C. § 1331.

3.    Defendant operates a real estate management company based in Newport News with locations throughout Tidewater.

4.    Defendant's registered agent is located in Newport News.

### III. The Parties

5.      Plaintiff is an individual who resides in Seaford, Virginia, which is within this division of the Eastern District of Virginia.

6.      Plaintiff began work for Defendant May 15, 2007 and separated from employment on May 15, 2015.

7.      Plaintiff was an executive assistant to the directors of multi-family management at Drucker & Falk during her eight years of employment.

8.      Defendant is a Virginia Limited Liability Company.

### IV. Factual Allegations in Support of FLSA Claim

9.      At all times material hereto Defendant was the "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d).

10.     Defendant grosses in excess of $500,000.00 per year.

11.     Defendant also operates in interstate commerce, including but not limited to the use of long distance telephone lines, long distance fax lines, and the procurement of supplies from out of state, and the management of property located out of state.

12.     Plaintiff earned $24.25 per hour at Defendant.

13.     During her period of employment Plaintiff, by agreement, arrived at work at approximately 9:30am, and in addition to working through lunch 95% of the time, left no earlier than 7:00pm (a total of nine and a half hours at a minimum per day).

14.     When Plaintiff arrived home she regularly worked for an hour or two on her work email, and the employer's records should reflect this fact.

15.     The directors for whom Plaintiff worked and many other employees at Drucker & Falk knew that Plaintiff was working through lunch, working late, and regularly working on her

2

work email late into the night, and frequently early in the morning.

16.    When Plaintiff took vacation she would answer work emails and perform her job duties.

17.    For example, in February 2015 Plaintiff took vacation and worked dozens of hours preparing a "due diligence" report that had a deadline.

18.    Plaintiff only claimed part of the hours she devoted to work on her time sheets, and thus was only paid for part of the time she worked.

19.    Whenever there was a special project due, such as the aforesaid "due diligence" report, a request for proposal, or the annual banquet, Plaintiff would work an extra 20 hours per week instead of the normal ten overtime hours per week.

20.    Periodically Defendant provided Plaintiff with compensatory time off, which was in violation of the FLSA, in consideration for the overtime hours she worked without pay.

21.    When the company issued Plaintiff compensatory time, it issued it at the rate of one hour of compensatory time for each hour of unpaid overtime, instead of one and a half hours of compensatory time.

22.    At all times, at least one of the directors for whom Plaintiff worked was aware that she was working at least ten hours per week more than the Defendant was paying her for.

23.    Defendant violated the FLSA when it failed to maintain accurate records of the hours worked by Plaintiff.

24.    Defendant lacked a good faith and reasonable belief that its pay practices complied with the FLSA.

25.    Defendant knew or should have known that its pay policies and practices were

3

unlawful.

26.    Defendant's unlawful conduct was repeated and willful.

27.    The applicable time period for Plaintiff's claim is thus three years, including the period July 1, 2012 through May 15, 2015.

28.    As a result of the additional work Plaintiff performed "off the clock", Plaintiff is entitled to approximately 1,500 hours of unpaid overtime compensation at the rate of time and a half her regular rate, or a total of over $50,000.00.

29.    Plaintiff is also entitled to an award of double, liquidated damages in the amount of the overtime compensation due.

### IX.  Relief Requested

Plaintiff seeks the following relief for violation of the FLSA:

a.    Time and a half pay for each hour over 40 in a week for which Plaintiff was not paid by Defendant;

b.    Liquidated damages in a matching amount;

c.    Pre-Judgment interest at the legal rate from the date of the failure to pay each installment of unpaid overtime compensation;

d.    Post-Judgment interest at the legal rate;

e.    Reasonable attorney's fees authorized by the FLSA;

f.    The costs of this action, including expert witness fees, if any; and

g.    Such further relief as the Court deems appropriate.

**TRIAL BY JURY IS DEMANDED.**

4

Respectfully Submitted,

**LISA HOFSTRA,**

Date: _July 10 2015_       By: _Christopher Colt North_

Of Counsel

Christopher Colt North, (VSB #16955)
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax: (757) 873-8375
E-mail: cnorthlaw@aol.com
*Counsel for the Plaintiff*