UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

**LISA HOFSTRA,**

        **Plaintiff,**

v.                      CIVIL ACTION NO.:  4:15-cv-00073-MSD-DEM

**DRUCKER & FALK, INC.,**

        **Defendant.**

_____

**FIRST AMENDED COMPLAINT**
_____

COMES NOW, the Plaintiff, Lisa Hofstra, (hereinafter "Plaintiff"), and files this First Amended Complaint under the Fair Labor Standards Act, 209 U.S.C. §§201, *et seq*. (hereinafter "FLSA") against the Defendant Drucker & Falk, Inc., (hereinafter "Drucker & Falk") and states and alleges as follows:

### I.  Introduction

1. Plaintiff at all times was a non-exempt, hourly employee of Defendant. Defendant required Plaintiff to work numerous overtime hours without payment.

### II.  Jurisdiction and Venue

2. Jurisdiction to bring this class action on behalf of Plaintiff is vested in this Court by 28 U.S.C. § 1331.

3. Defendant operates a real estate management company based in Newport News with locations throughout Tidewater.

4. Defendant's registered agent is located in Newport News.

### III.  The Parties

5. Plaintiff is an individual who resides in Seaford, Virginia, which is within this division of the Eastern District of Virginia.

6. Plaintiff began work for Defendant May 15, 2007 and separated from employment on May 15, 2015.

7. Plaintiff was an executive assistant to the directors of multi-family management at Drucker & Falk during her eight years of employment.

8. Defendant is a Virginia Corporation with its principal place of business located at 11824 Fishing Point Drive, Newport News, VA 23606.

## IV. Factual Allegations in Support of FLSA Claim

9. At all times material hereto Defendant was the "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d).

10. Defendant grosses in excess of $500,000.00 per year.

11. Defendant also operates in interstate commerce, including but not limited to the use of long distance telephone lines, long distance fax lines, and the procurement of supplies from out of state, and the management of property located out of state.

12. Plaintiff earned $24.25 per hour at Defendant.

13. During her period of employment Plaintiff, by agreement, arrived at work at approximately 9:30am, and in addition to working through lunch 90% of the time, rarely left earlier than 7:00pm (a total of nine and a half hours at a minimum per day).

14. When Plaintiff arrived home she regularly worked for an hour or two on her work email, and the employer's records should reflect this fact.

15. Plaintiff frequently and repeatedly worked on her cell telephone while commuting

to and from work.

16. The directors for whom Plaintiff worked and many other employees at Drucker & Falk knew that Plaintiff was working through lunch, during her commute, working late, and regularly working on her work email late into the night, and frequently early in the morning.

17. When Plaintiff took vacation she would answer work emails and perform her job duties.

18. For example, in February 2015 Plaintiff took vacation and worked dozens of hours preparing a "due diligence" report that had a deadline.

19. Plaintiff only claimed part of the hours she devoted to work on her time sheets, and thus was only paid for part of the time she worked.

20. Whenever there was a special project due, such as the aforesaid "due diligence" report, a request for proposal, or the annual banquet, Plaintiff would work an extra 20 hours per week instead of the normal ten overtime hours per week.

21. Periodically Defendant provided Plaintiff with compensatory time off, which was in violation of the FLSA, in consideration for the overtime hours she worked without pay.

22. When the company issued Plaintiff compensatory time, it issued it at the rate of one hour of compensatory time for each hour of unpaid overtime, instead of one and a half hours of compensatory time.

23. At all times, at least one of the directors for whom Plaintiff worked was aware that she was working at least ten hours per week more than the Defendant was paying her for.

24. Defendant violated the FLSA when it failed to maintain accurate records of the hours worked by Plaintiff.

25. Defendant lacked a good faith and reasonable belief that its pay practices complied with the FLSA.

26. Defendant knew or should have known that its pay policies and practices were unlawful.

27. Defendant's unlawful conduct was repeated and willful.

28. The applicable time period for Plaintiff's claim is thus three years, including the period July 1, 2012 through May 15, 2015.

29. As a result of the additional work Plaintiff performed "off the clock", Plaintiff is entitled to hundreds of hours of unpaid overtime compensation at the rate of time and a half her regular rate of pay.

30. Plaintiff is also entitled to an award of double, liquidated damages in the amount of the overtime compensation due.

## V. Factual Allegations in Support of FLSA Retaliation Claim

31. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

32. Section 15(a)(3) of the FLSA states that it is a violation for any person to …

"…discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted in any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

33. Fact Sheet 77A of the Department of Labor, Wage and Hour Division, provides:

"Section 15(a)(3)… applies in situations where there is no current employment relationship between the parties; for example, it protects an employee from retaliation by a former employer."

34. Any employer may not interfere with a former employee's ability to obtain and/or retain subsequent employment. http://apps.americanbar.org/labor/lel-aba-annual/papers/1999/annual46.pdf.

35. There were conversations prior to this FLSA lawsuit being filed between counsel for Plaintiff and counsel for Defendant about the substance of the FLSA Complaint for unpaid overtime as early as the end of June 2015.

36. Plaintiff filed her Complaint in this matter on July 13, 2015, and served it on Defendant on July 29, 2015.

37. Between May 15, 2015 and November 15, 2015 Plaintiff applied for many jobs and listed Defendant as a reference each time.

38. On at least two occasions when Plaintiff listed Defendant as a reference, the prospective employer informed Plaintiff that it would seek a reference from Defendant.

39. On at least one occasion, Plaintiff referred the prospective employer to the human resources department at Defendant.

40. On at least one occasion, Plaintiff referred the prospective employer to her former supervisor at Defendant because the prospective employer specifically requested a reference from Plaintiff's former supervisor.

41. In each case according to the prospective employer, the Defendant refused to provide any reference whatsoever, whether written or verbal.

42. At the time of the failure to provide a reference for Plaintiff, Defendant had notice of this lawsuit.

43. It is the Defendant's normal practice to provide, at a minimum, the dates of

5

employment of its prior employees upon request for a reference.

44. As a result of the Defendant's failure to provide at least two requested references, Plaintiff, who was otherwise qualified for the two prospective positions, was not able to obtain employment at either place.

45. Indeed, one position was as a substitute teacher with the York County School Board, a job that virtually every college graduate is qualified to perform. Plaintiff is a college graduate.

46. Each of the events which are the subject of this retaliation count occurred during the period August 1, 2015 through November 15, 2015.

47. Defendant refused to provide the references maliciously, as opposed to by accident, as demonstrated by the fact it failed to do so at least twice.

48. Plaintiff remains unemployed at this time due at least in part to the foregoing retaliation.

49. Plaintiff engaged in protected activity when she complained through her agent about the failure to pay her overtime compensation, and subsequently when she filed her initial Complaint in this matter.

50. Defendant's refusal to provide at least two references was in retaliation for Plaintiff's legally protected conduct.

51. Upon information and belief, Defendant has refused to provide additional references for Plaintiff. Defendant may never have provided a reference for Plaintiff, despite a number of additional requests that it do so.

6

## VI.  Relief Requested

Plaintiff seeks the following relief for violation of the FLSA:

    a.    Time and a half pay for each hour over 40 in a week for which Plaintiff was not paid by Defendant;

    b.    Liquidated damages in a matching amount;

    c.    Pre-Judgment interest at the legal rate from the date of the failure to pay each installment of unpaid overtime compensation;

    d.    Post-Judgment interest at the legal rate;

    e.    Reasonable attorney's fees authorized by the FLSA;

    f.    The costs of this action, including expert witness fees, if any; and

    g.    Such further relief as the Court deems appropriate.

Plaintiff seeks the following relief for violation of the anti-retaliation provisions of the FLSA:

    a.    Damages for emotional distress, mental anguish, etc.;

    b.    Punitive damages;

    c.    Lost wages since Plaintiff's separation from employment and until she obtains comparable employment;

    d.    Liquidated damages;

    e.    Post-Judgment interest at the legal rate;

    f.    Reasonable attorney's fees;

    g.    The costs of this action, including expert witness fees, if any; and

    h.    Such further relief as the Court deems appropriate.

**TRIAL BY JURY IS DEMANDED.**

                                                                Respectfully Submitted,

                                                                **LISA HOFSTRA,**

Date:  December 18, 2015                  By:  /s/  Christopher C. North
                                                                       Of Counsel

Christopher Colt North, (VSB #16955)
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia  23606
Phone: (757) 873-1010
Fax:    (757) 873-8375
E-mail: cnorthlaw@aol.com
*Counsel for the Plaintiff*