UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

LISA HOFSTRA,

      Plaintiff,

v.                                                CIVIL ACTION NO.:  4:15-cv-73

DRUCKER & FALK, INC.

      Defendant.

## JOINT MOTION FOR SETTLEMENT APPROVAL

Plaintiff Lisa Hofstra, by her attorney, and Defendant Drucker & Falk, Inc. by its attorney, move the Court to enter an Agreed Order (attached hereto) approving the proposed Settlement Agreement and Release, and in support thereof state as follows:

1. This action was brought pursuant to Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq*.

2. In Plaintiff's original Complaint she sought unpaid overtime and an equal amount in liquidated damages as provided by 29 U.S.C. § 216(b).

3. Subsequently Plaintiff amended her Complaint to include a claim for retaliation under the FLSA.

4. The retaliation claim was based on the alleged failure of Defendant to respond to at least two requests for a reference submitted by prospective employers of Plaintiff.

5. Defendant filed an Answer to the Complaint and an Answer to the Amended Complaint maintaining that it paid Plaintiff her legal and proper wages for all hours worked at Defendant.

6. Defendant also asserted that it had never received a request for a reference relating to Plaintiff, and therefore had never failed to provide one on her behalf to a prospective employer.

7. The parties exchanged Initial Disclosures pursuant to Federal Rules of Civil Procedure (F.R.C.P.) 26.

8. Plaintiff propounded Interrogatories and Requests for Production to Defendant, and drafted a 30(b)(6) Corporate Deposition Notice and individual deposition notices, and depositions of the Defendant and the Defendant's representatives were scheduled but postponed.

9. Defendant filed objections to the discovery.

10. Plaintiff filed a Motion to Compel answers to her written discovery, and Defendant responded to the Motion.

11. Defendant filed answers to Plaintiff's Interrogatories and produced more than 1,000 pages of documents in response to Plaintiff's Requests for Production.

12. The Court ordered the parties to participate in mediation with Magistrate Judge Douglas E. Miller on January 21, 2016.

13. After five hours of mediation the parties reached a settlement for which they now seek Court approval.

14. Defendant is a real estate management company operating in the Southeastern United States.

15. Ms. Hofstra was employed between 2007 and 2015 as an administrative assistant.

16. Her position was unique in the company and the parties agree that no other employees had similar duties, held similar positions, or could be considered comparators.

17. Defendant paid Ms. Hoftsra an hourly rate of $24.00, and the parties agree that she is a covered employee under the FLSA, eligible for overtime pay.

18. Ms. Hofstra claims she engaged in overtime work for her employer for which she was not compensated, including handling matters on the telephone while commuting to and from work, working through lunch, staying late in the evening outside of her regular working hours, performing some tasks at home, and working on special projects that a few times a year required her to work virtually around the clock.

19. Ms. Hofstra has proffered that she worked approximately ten uncompensated hours per week on average.

20. Ms. Hofstra has no records establishing any uncompensated overtime; although she speculates that telephone and email records might demonstrate calls made and messages sent after hours.

21. Defendant has proffered that Ms. Hofstra was in fact paid all overtime to which she was entitled.

22. Defendant contends that any telephone and email records showing work performed outside of regular hours only reflect hours for which Plaintiff has already been paid in full.

23. The parties submit that the proposed settlement is fair and reasonable under these circumstances.

24. All FLSA settlements must be approved either by the United States Department of Labor or the Court. *Lomascolo v. Parson Brinckerhoff, Inc*., 1:08cv1310, 2009 WL 3094955, at *8 (E.D. Va. Sept. 28, 2009).

25. Such approval is required for both class actions and individual cases, such as the one here. *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09cv58, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010).

26. A proposed settlement should be approved if it reflects a reasonable compromise over issues actually in dispute. *Galvez v. Americlean Servs. Corp.*, No. 1:11cv1351, 2012 WL 1715689, at *2 (E.D. Va. May 15, 2012).

27. To determine whether the settlement is fair, the Court should consider 1) the extent of discovery that has taken place; 2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; 3) the absence of fraud or collusion in the settlement; 4) the experience of counsel representing plaintiff; 5) the probability of plaintiffs success on the merits; and 6) the amount of settlement in relation to the potential recovery. *Patel v. Barot,* 15 F. Supp. 3d 648, 656 (E.D. Va. 2014).

28. Here, though depositions were scheduled but not taken, the Plaintiff conducted substantial written discovery and received substantial information in response.

29. The case is scheduled for trial commencing April 5, 2016

30. Under the circumstances, the litigation would be much more expensive than the settlement which the parties reached.

31. The probability of Ms. Hofstra's success on the merits of her claim is decidedly uncertain, as the evidence of her claim is limited to her own recollection and the potential for circumstantial support of her claims through as of yet unidentified telephone and email records.

32. Counsel for Plaintiff has attached as **Exhibit A** his Declaration which describes his experience with FLSA litigation including approximately 50 such cases in the past, most of which involved complex, putative class actions.

33. Attached as **Exhibit B** is an itemized statement of tasks performed and the amount of time billed for each task by each of the two attorneys for Plaintiff.

34. Attached as **Exhibit C** is the Declaration of David R. Simonsen, Jr. confirming that the hours devoted to the case and the hourly rates charged by counsel are within the prevailing market rate for attorneys in the relevant community for the type of work for which counsel seeks an award.

35. Attached as **Exhibit D** is the Settlement Agreement executed by the parties.

36. The Judge considering this Joint Motion may consider his own knowledge of the prevailing market rates in the community. *Starnes v. Hill*, 635 F.Supp. 1270, 1272 (W.D.N.C. 1986).

37. The attorney's fees charged by Plaintiff's firm are at the rate of $350.00 per hour, which this Court has authorized. *Hargrove v. Ryla Teleservices, Inc.,* No. 2:11cv344, 2013 WL 1897027, at * 6 (E.D. Va. April 12, 2013) (finding hourly rates of $250 to $350 reasonable); *Walker v. Dovetails, Inc.,* No. 3:10cv526, 2010 WL 5878336, at *3 (E.D. Va. Nov. 30, 2010) (same).

38. The $20,000.00 fee represents a discount of $3,412.00 from the contracted fee of $23,000.00 (40%), and the costs incurred of $412.00 (filing and serving the Complaint) which were included in the reduced, $20,000.00 fee.

39. The attorney's fees were also reduced to reflect no recovery on the retaliation claim and any inadequacies in counsel for Plaintiff's itemized statement of work performed.

40. According to discovery responses from the Defendant, the Defendant had no prior contact with the DOL regarding unpaid overtime issues.

41. In addition, the Plaintiff submitted time sheets that demonstrated she was paid for all hours worked.

42. Also, Plaintiff's supervisor worked in Richmond, whereas Plaintiff worked primarily in Newport News, so Plaintiff would have experienced some difficulty in establishing that the Defendant knew about the alleged extra overtime hours worked by her.

43. Under these circumstances, it would have been extremely difficult for the Plaintiff to recover liquidated damages.

44. Plaintiff's net of the settlement amount corresponds favorably with her maximum unpaid overtime claim, excluding liquidated damages.

45. Plaintiff's counsel agreed to represent Plaintiff on a 40% contingent fee, and thus risked the possibility of obtaining no attorney's fees.

46. Plaintiff's suit had to be filed immediately because she had quit her job and was losing a portion of her claim upon the expiration of each day.

47. Another consideration is whether the Plaintiff's lawyer gave up other work to pursue this individual FLSA claim.

48. His Declaration demonstrates that he and his partner maintain an extensive Fair Credit Reporting Act (FCRA)/employment law practice, and this took a substantial number of hours away from that endeavor.

49. While the questions presented in this case were neither particularly novel nor difficult, they did require familiarity with employment law generally and the FLSA specifically.

50. Indeed, the law firm representing Plaintiff is one of only a handful in Virginia whose practice is dedicated to Plaintiff's employment law.

WHEREFORE, the parties jointly, by their respective counsel, request that this Court grant this Motion for Joint Settlement Approval.

By: /s/ Christopher Colt North
Christopher Colt North
VSB# 16955
Counsel for Plaintiff
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, VA 23606
Phone: (757) 873-1010
Fax: (757) 873-8375
Email: cnorthlaw@aol.com


By: /s/ David Sullivan
David Sullivan
VSB # 45027
Counsel for Defendant
ReavesColey, PLLC
505 Independence Pkwy., Ste. 240
Chesapeake, VA 23320
Phone: (757) 410-8066
Fax: (757) 410-8258
E-mail: david.sullivan@reavescoley.com