**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | | |
|---|---|---|
| **LISA HOFSTRA,** | ) | |
| Plaintiff, | ) | |
| v. | ) | **Case No.: 4:15-cv-73** |
| **DRUCKER & FALK, INC.,** | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the parties' Joint Motion for Settlement Approval filed on February 24, 2016. ECF No. 24. The Court conducted a hearing on the Joint Motion on March 9, 2016. Thereat, Mr. Christopher North appeared on behalf of the Plaintiff Lisa Hofstra ("Ms. Hofstra"), and Mr. David Sullivan appeared on behalf of the Defendant Drucker & Falk, Inc. After considering the pleadings, and the proffer and arguments of counsel, the parties' Joint Motion, ECF No. 24, is **GRANTED**.

## I. Procedural and Factual History

This action was brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. on July 13, 2015. ECF No. 1 ("Complaint" of "Compl."). Therein, Ms. Hofstra demanded $50,000.00 for approximately 1,500 hours of unpaid overtime compensation at the rate of time and a half her regular rate. Compl. ¶ 28. Defendant answered and asserted several affirmative defenses, maintaining that Ms. Hofstra was paid her legal and proper wages for all hours worked. ECF No. 17 at 7; ECF No. 24 ¶ 5. Discovery then commenced, which included interrogatories and document production. The parties then participated in a settlement

conference with Magistrate Judge Douglas E. Miller whereat they subsequently reached a settlement agreement. *See* ECF Nos. 14 and 23. The parties consented to jurisdiction by a United States Magistrate Judge, ECF Nos. 20 and 21, and the case was referred to the undersigned by United States District Judge Mark Davis, ECF No. 22. The undersigned then issued an Order on February 11, 2016, directing the parties to submit a Motion for Settlement Approval and supporting evidence, including the proposed settlement agreement, ECF No. 23, which the parties filed on February 24, 2016, ECF No. 24. Following the March 9, 2016 hearing, the matter is now ripe for disposition.

According to the parties' submissions, the Defendant is a Virginia Limited Liability Company that operates as a real estate management company based in Newport News and the general Tidewater area. Compl. ¶¶ 3 and 8. Ms. Hofstra began work as an executive assistant to the directors of multi-family management for the Defendant on May 15, 2007 and separated from employment on May 15, 2015. *Id.* ¶¶ 6-7. Ms. Hofstra generally worked from 9:30 a.m. until 7:00 p.m., working through lunch 95 percent of the time, and earned $24.25 per hour. *Id.* ¶¶ 12-13. Ms. Hofstra also contended that she would answer work emails and perform job duties after working hours and while on vacation. *Id.* ¶¶ 15-16. In sum, Ms. Hofstra claimed she worked an average of ten uncompensated hours per week. ECF No. 24 ¶ 19. Ms. Hofstra amended her Complaint on December 18, 2015, to include a claim for retaliation. ECF No. 12.

Under the terms of the proposed settlement, Ms. Hofstra would receive a $35,000.00 payment. The proposed settlement also includes a payment of $20,000.00 for attorneys' fees and costs, for a total payment of $55,000.00. After considering the proffers of the parties under the governing parameters of the FLSA, the Court is satisfied that the proposed settlement is fair and

reasonable. Accordingly, the Joint Motion for Settlement Approval, ECF No. 24, is **GRANTED.**

## II. Analysis

All FLSA settlements must be approved either by the United States Department of Labor or the court. *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005), *reinstated on reh'g*, 493 F.3d 454 (4th Cir. 2007), *cert. denied*, 554 U.S. 909 (2008); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Lomascolo v. Parson Brinckerhoff, Inc.*, 1:08cv1310, 2009 WL 3094955, at *8 (E.D. Va. Sept. 28, 2009). Such approval is required for both class actions and individual cases, such as the one here. *See Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09cv58, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010). "A proposed settlement should be approved if it reflects a reasonable compromise over issues actually in dispute." *Galvez v. Americlean Servs. Corp.*, No. 1:11cv1351, 2012 WL 1715689, at *2 (E.D. Va. May 15, 2012). At the settlement hearing, "a court's role is . . . a balancing of likelihoods rather than an actual determination of the facts and law in passing upon whether the proposed settlement is fair, reasonable, and adequate." *Lomascolo*, 2009 WL 3094955, at *10 (citation omitted). "In addition to being fair and reasonable, in order to merit Court approval, the settlement must resolve a bona fide dispute over FLSA provisions." *Id.* at *16.

Factors the court weighs when considering approval of a FLSA settlement include: 1) the extent of discovery that has taken place; 2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; 3) the absence of fraud or collusion in the settlement; 4) the experience of counsel who have represented the plaintiff; 5) the probability of plaintiff's success on the merits; and 6) the amount of settlement in relation to the potential

recovery. *Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014). Analysis of these factors demonstrates that the proposed settlement is reasonable.

First, the parties engaged in written discovery, wherein the parties exchanged initial disclosures, interrogatories, and requests for production. Such discovery has provided the parties with sufficient information to evaluate adequately the merits of the claim and the defenses.

Second, while the settlement has been reached before discovery closes and before expert reports are prepared and exchanged, both parties would necessarily incur significant additional expense were this case to continue in litigation as the parties readied for trial.

Third, there is neither evidence of, nor even a suggestion of, any collusion on the part of the parties. The settlement agreement was reached following a court-sanctioned settlement conference mediated by a Magistrate Judge.

Fourth, Ms. Hofstra's lead counsel, Mr. North, is very experienced in FLSA and other employment litigation, having personally handled many similar cases in this Court in the past. His opinion and evaluation of the reasonableness of the settlement and his recommendation to his client that she accept it is some evidence of the reasonableness of the settlement. *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 702 (E.D. Mo. 2002).

Fifth, Ms. Hofstra faces a reasonable prospect of succeeding on the merits of her claim, given the nature of her duties and the requirement that she fulfill them at any and all hours of the day and on weekends. What is decidedly uncertain is the extent to which Ms. Hofstra can prove her claim. Mr. North represented at the hearing that Ms. Hofstra did not have substantial records such as clock-in and clock-out reports, diary entries of overtime hours worked, or security records to physically prove the overtime she allegedly worked. Further the Defendant disputed any unpaid hours with time sheet records the defense believes indicate she was paid for any

overtime hours she submitted. However, if the case were to proceed further through discovery, Ms. North may be able to collect telephone and email records indicating overtime hours worked. Consequently, the size of any award should Ms. Hofstra succeed at trial is reasonably in question.

The final factor, the amount of settlement in relation to the potential recovery, weighs in favor of approving the settlement. In order to determine whether the settlement agreement is fair, the court must have "some knowledge of the value of the released claims," otherwise, "the fairness of the compromise remains indeterminate." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010). Under the FLSA, an employee can recover for unpaid minimum wages and unpaid overtime for a two-year period up to the time the claim is filed. 29 U.S.C. § 255. An employee can also recover a third year of wages if she can demonstrate that the employer's failure to pay wages was willful. *Id.* An employee can also recover a like amount in liquidated damages unless the employer can demonstrate that its failure to pay the wages due under the FLSA was in good faith. 29 U.S.C. §§ 216(b), 260. Ms. Hofstra worked for the Defendant for eight years. Mr. North indicated that Ms. Hofstra likely could not recover for a third year of damages given the absence of evidence of willfulness. Further, in light of the fact that Ms. Hofstra's supervisor was located in Richmond and she in Norfolk the potential to recover liquidated damages is uncertain, as Defendant could make a reasonable argument that it acted in good faith. Because of these uncertainties, such compromise is reasonable under these circumstances. The desired settlement fairly reflects the parties' wish to finalize all potential litigation, put an end to the expenditure of attorneys' fees and costs, and therefore end the uncertainty that accompanies all litigation.

Finally, the Court must analyze attorneys' fees in approving the proposed settlement. The FLSA "contemplates that the wronged employee should receive his full wages plus the penalty without incurring any expenses for legal fees or costs." *Poulin,* 2010 WL 1813497, at *1 (quoting *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009)). Therefore, "the FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Id.* Here, the proposed settlement provides for payment of $20,000.00 in attorneys' fees and costs. The Court evaluates the reasonableness of attorneys' fees by comparing the requested amount to the lodestar amount, which is defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008). "In deciding what constitutes a 'reasonable' number of hours and rate, [the Fourth Circuit] has instructed that a district court's discretion should be guided by the following twelve factors:"

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009) (citation omitted). In support of her request for attorneys' fees, the Plaintiff noted that, pursuant to her employment agreement with Mr. North's firm, she agreed to a contingency fee arrangement of forty percent. Forty percent of a $55,000 settlement would result in a fee of $22,000.

In addition, the Plaintiff proffered counsel's itemized billing statement, which demonstrated that counsel spent 68.25 hours working on her case. ECF No. 24 attach. 2. The billable rate charged by both Mr. North and co-counsel, William Downing, was $350.00 per hour, and $125.00 per hour for paralegal work. The lodestar figure at the rates requested would result in a total of $23,399.55, which includes $412.00 in costs incurred. Plaintiff's request consequently is less than that to which she would be entitled under either the lodestar calculation or the contingency fee calculation had she prevailed at trial and submitted a fee request based on the same information. Mr. North advised that the settlement monies were being attributed solely to the overtime claim, and not the retaliation claim for which time was expended, thereby justifying the slight discount of the attorneys' fee.

Given the *Robinson* factors cited above, the Court **FINDS** that the fee request is fair and reasonable. Both of Ms. Hofstra's attorneys are experienced practitioners who achieved a successful result. The rates charged by attorneys North and Downing are reasonable based on their experience and competence, and the nature of this FLSA litigation. *See, e.g., Hargrove v. Ryla Teleservices, Inc.*, No. 2:11cv344, 2013 WL 1897027, at *6 (E.D. Va. April 12, 2013) (finding hourly rates of $250 to $350 reasonable); *Walker v. Dovetails, Inc.*, No. 3:10cv526, 2010 WL 5878336, at *3 (E.D. Va. Nov. 30, 2010) (same). This Court has approved similar fee requests based on comparable recoveries before. *See, e.g., Hargrove*, 2013 WL 1897027, at *7 (approving an attorney fee award of $47,011.97 for a recovery of an amount just over $75,000). Finally, the Defendant does not challenge the amount of the fee requested.

Consequently, given the strength of Ms. Hofstra's claim, the defenses advocated by the Defendant, the uncertainty of damages, consideration of appropriate attorneys' fees and costs, and the general uncertainty and expense that accompanies all litigation, the Court **FINDS** that

the proposed $55,000.00 settlement is fair and reasonable and in accordance with the purposes of the FLSA.

### III. Conclusion

Accordingly, the Joint Motion for Settlement Approval, ECF No. 24, is **GRANTED** and the Court **ORDERS** that this case be **DISMISSED WITH PREJUDICE**. The Court will retain jurisdiction for purposes of enforcing the settlement.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

Lawrence R. Leonard
United States Magistrate Judge

Newport News, Virginia
March 10, 2016